NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1808
_____

FRANCIS TOGBA,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-605-913)
Immigration Judge: Honorable Kuyomars Q. Golparvar
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 22, 2018

Before: HARDIMAN, VANASKIE, and SHWARTZ, *Circuit Judges*.

(Filed: February 12, 2018)
_____

OPINION*
_____

_____

      * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

A native of Liberia, Francis Togba was admitted to the United States as a refugee when he was five years old. Ten years later, Togba participated in a violent home invasion during which he held five people at gunpoint, ordered two men to disrobe and have sex with each other, and pistol-whipped one in the head when they refused. *Commonwealth v. Togba*, 2013 WL 11271518, at \*1 (Pa. Super. Ct. April 8, 2013). A jury convicted Togba of robbery, burglary, possession of an instrument of crime, carrying a firearm without a license, carrying a firearm in a public street, and conspiracy. *Id.* at \*4. Based on those convictions, Immigration and Customs Enforcement commenced removal proceedings against Togba.

Togba conceded his removability, but sought to become a permanent resident pursuant to a waiver of inadmissibility under 8 U.S.C. § 1159(c). An Immigration Judge (IJ) denied Togba's waiver request and ordered him removed. The Board of Immigration Appeals (BIA) affirmed. Togba filed this petition for review of the BIA's decision.

We have no power to review any "decision or action of the Attorney General . . . the authority for which is specified . . . to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii). The decision to deny Togba a waiver of inadmissibility was just such an exercise of discretion. As the Attorney General points out, his "discretionary authority . . . to grant or deny this waiver is clear on the face of 8 U.S.C. § 1159(c)," which provides that "the Attorney General *may* waive" certain grounds of inadmissibility.

Att'y Gen. Br. 20 (emphasis added); *see also Latter-Singh v. Holder*, 668 F.3d 1156, 1164 (9th Cir. 2012).

We do, of course, retain jurisdiction to review "constitutional claims or questions of law" arising out of the Attorney General's exercise of discretion, 8 U.S.C. § 1252(a)(2)(D), but Togba does not raise any such questions. Togba's first argument is unambiguously a challenge to the weight the agency accorded various mitigating factors, particularly Togba's youth at the time of his crimes. Where the record shows that the agency did incorporate those factors into its analysis, Togba's objection to the agency's discretionary balancing of the same fails to state a legal or constitutional claim. *See Jarbough v. Att'y Gen.*, 483 F.3d 184, 190 (3d Cir. 2007) ("Recasting challenges to factual or discretionary determinations as . . . [legal] claims is clearly insufficient to give this Court jurisdiction under § 125[2](a)(2)(D))."

Togba's second argument—that the agency failed to account for recent Supreme Court decisions involving the Eighth Amendment's limits on punishing juvenile offenders—fares no better. A constitutional claim is not "colorable" and does not confer jurisdiction if it has no "possible validity." *Pareja v. Att'y Gen.*, 615 F.3d 180, 190 (3d Cir. 2010) (internal quotation marks omitted). We have already held that the Eighth Amendment's constraints on criminal punishment do not apply to civil immigration proceedings. *Sunday v. Att'y Gen.*, 832 F.3d 211, 217–18 (3d Cir. 2016).

\*     \*     \*

For the reasons stated, we will dismiss Togba's petition for review for lack of jurisdiction.

3